Johnson, J.
1. The district court at its April term, 1878, had before it all necessary parties. The judgment sought to be reversed was rendered by the common pleas, February 20, 1871, sustaining the demurrer of same date filed by John Sidener, John Little and Mary Sidener. The petition in error was filed February 12, 1873, and all the parties were served within three years from February 20, 1871, except John Sidener, Mary Sidener, Jr., and John Little, who were not brought before the court until August, 1877, over six years after final judgment was rendered on said demurrer.
The district court held, that inasmuch as these three defendants were not served within three years from the rendition of said judgment, it was without jurisdiction as to any of the defendants in error, even as to those served within the three years limitation. ¥e think this was erroneous. The judg *541 ment sought to be reversed was one sustaining the demurrer of February 20, 1871, and taxing costs against Mary Sidener and other defendants, and rendering a judgment in favor of plaintiff below for such costs. This judgment for costs was in favor of Ilawes, administrator, and against Mary Sidener and Clements & Wetherholts. All these parties were before the district court within the three years. This judgment for costs was brought under review by the petition in error. It was a several judgment for costs in favor of Hawes, administrator, and against plaintiff in error. Of this question the court had acquired jurisdiction, though John Sidener and others were never served. It was a judgment to reverse which they were not necessary parties. Hence the district court had jurisdiction of the parties served within the three years, so far as to reverse the judgment for costs. We do not, however, rest the case on this ground alone. The judgment sought to be reversed, was, in legal effect, that the answer and cross-petition of plaintiff in error did not state facts sufficient to entitle her to the relief prayed for, nor to constitute a cause of action against her co-defendants, John and Mary Sidener, Jr., and John Little, assignee of John Sidener. They are judgment creditors of the estate and the only persons having claims against the same that had not been fully settled by administration in the courts of Fayette county, Kentucky. These judgments are alleged to be fraudulent, and the present administrator is implicated in the fraud. He is seeking to sell land to pay these fraudulent claims, and files his petition to sell this land for that purpose.
Mary Sidener as sole heir, and as owner of the land in fee, conveyed the same with covenants of general warranty, to Clements & Wetherholts, in pursuance of a contract of sale made with the Kentucky administrator, and the purchase-money was all applied to the satisfaction of claims having priority over general creditors of the estate.’ As heir, and a3 warrantor of the title to Clements & Wetherholts, Mary Sidener was a proper party to these proceedings to sell land. She had the right to make any defense which would defeat the right to make the order of sale, even though fraud was not alleged. The petition to sell was filed under the code of civil *542 procedure. It tacitly admits rights and equities in her vendees who are made defendants. Its prayer is, that the several rights, liens, &c., of said defendants be adjusted, and for such other relief as the facts on a final hearing may warrant. These facts, as disclosed by the amended answer and cross-petition and the cross-petitions of her vendees, entitled them to subrogation as preferred creditors over the judgment in favor of John and Mary Sidener, Jr.
Further than this, if the allegations of fraud contained in said answer and cross-petition were true, and the administrator does not deny them, she was entitled to the judgment of the court setting aside said fraudulent judgments and for, other proper relief.
In Conway v. Duncan, 28 Ohio St. 102, it was held, that in a proceeding in the court of common pleas to sell land to pay judgments entered upon the award of arbitrators, it is competent for- the heir, upon a cross-petition, to attack said judgments for fraud. That was a case quite like the one before us, and establishes the right of an heir to impeach judgments which are the basis for an order to sell the real estate ‘ belonging to him.
To sustain the demurrer of John Sidener and others of February '20, 1811, was to deny this right. As this amended answer and cross-petition was not filed until a,fter the sale was made and confirmed, it was not available to defeat a sale, but as the court had expressly reserved all questions of distribution of the purchase-money, it was equally applicable to the distribution of the proceeds of' sale.
William Law was the purchaser at the administrator’s sale, as well as the holder of the legal title derived from the heir. He was claiming compensation for permanent and valuable improvements, and was entitled to be subrogated to all the rights and equities of the heir, and of his vendee, Clements & Wetherholts. If the claims of John and Mary Sidener, Jr., were fraudulent and void, then his title derived from the heir was good, and entitled him to the whole of the purchase-money as the heir had the right, to convey, subject only to the valid debts of her ancestor. If they were not fraudulent and *543 void, but were valid, still liis right of subrogation would give him priority. A judgment to that effect would protect the heir, to that extent, ou her covenants of warranty. The judgments therefore, sustaining said demurrer of February 20,1871, was one affecting all the parties to the controversy. It involved the distribution of an estate, held, in trust by the ad-, ministrator, and not merely the rights of these alleged creditors to payment of their claims. "Whether these claims could be successfully impeached or not, was not the most vital question in the case, after the sale had been confirmed. The vital question was, whether the heir, who sold with covenants of warranty, and purchasers in good faith, who had applied the purchase-money to the satisfaction of debts having priority, and who' bad made permanent and valuable improvements on the land, had, as against the claim of the administrators and of these alleged creditors, any rights and equities that entitled them to relief in the distribution of the purchase-money arising from the sale made by the court.
The default of the administrator in replying to said answer and cross-petition of Mary Sidener, and the demurrer of alleged creditors, admitted her allegations to be true. If so, she was entitled to be protected, and to have her vendees protected in the distribution of the purchase-money, and the court of common pleas erred in sustaining said demurrer, thereby holding she was not entitled to some proper relief.
The district court, when the case first came before it on error, so held, but because these alleged judgment creditors had not been served with process, this court reversed that judgment because the necessary parties were not before the district court. The case was remanded to the district court, for further proceedings. When these parties were brought in some six years had elapsed. They each demurred, because as to each, the proceeding in error had not been commenced within three years from the rendition of the judgment on the demurrer of February 20, 1871. The district court not only sustained this demurrer as to these creditors, but held, that although their co-defendants, including the administrator, had *544 been served within the throe years, yet as to them also, the court had no jurisdiction, and dismissed the petition in error.
This conclusion is incorrect if the proceeding in error was commenced within three years from February 20, 1871. The petition in error was filed May 12, 1873, and service was made on Hawes, administrator, Wctherholts and Law, March 5th, 1873. The summons was returned not found as to other defendants.
Section 20 of the code (R. S. 4987,) furnishes by analogy the rule to determine when a proceeding in error is commenced. Robinson v. Orr, 16 Ohio St. 285 ; Buckingham v. Commercial Bank, 21 Ohio St. 131. By that section, it was provided that “ An action shall be deemed commenced within the meaning of this title, as to each defendant, at the date of the summons which is served on him, or on a co-defendant, who is a joint contractor, or otherwise united vn interest with him.”
If the defendants not served within the three years were united in interest with their co-defendants who were served within that time, then the action is to be deemed commenced as to all, otherwise it is only commenced as to those served. If we were of opinion that there was no unity of interest, still the action was commenced as to those served, and the court erred in holding it had no jurisdiction over the parties served. It obtained jurisdiction over the case and the parties served, but whether it could proceed to judgment, would depend on the question whether the other parties were necessary. If they were, the court would decline to proceed until they were before the court; but if it did proceed, the judgment would be voidable, and not void, for want of jurisdiction. Douglas v. Massie, 16 Ohio, 271.
We are of opinion, however, that there was such a unity of interest between defendants served and those not served, as to prevent the statute of limitations running as to all.
The controversy related to the distribution of a fund arising from a sale of the land. The administrator held this fund in trust for the parties entitled thereto. He is charged with col- , luding with his co-defendants John and Mary Sidener, Jr., *545 to defraud the estate. Mary Sidener and her vendees are claimants of this fund, setting up their equities thereto. A judgment in her favor is against the claims of the administrator and these judgment creditors, and they are all united in interest in the judgment rendered in their favor sustaining the demurrer to the cross-petition filed February 20, 1871.
It :s to their interest to maintain the judgment of the common pleas, holding that the answer and cross-petition did not entitle Mary Sidener to any relief. They are so united that it would be impossible to render any judgment against Hawes, administrator, which would not affect the rights of his co-defendants, the judgment creditors. For this reason, we think the proceeding in error was commenced within the time, service having been made on the administrator within the three years, the time then allowed for commencing such action. Buckingham v. Commercial Bank, 21 Ohio St. 131.
II. It is also assigned as error, that the court of common pleas erred in ordering and in confirming the sale.
At the time this was done, the amended answer and cross-petition of Mary Sidener had not been filed. The petition on its face was sufficient, if true, to authorize an order of sale. In the original answer and cross-petition the validity of the debts alleged in the petition were not disputed.
The only defense then before the court was, that the estate had been fully administered in Kentucky, and that this land had been sold and conveyed by the heir with the consent of the Kentucky administrator, and the proceeds applied to preferred debts.
This sale by the heir was no bar to a judicial sale to pay valid debts of the ancestor. The creditors had the right to a public sale, under an order of court.
This the court ordered, reserving all rights and equities arising on distribution.
As the pleadings then stood, there was no error in ordering the sale.
III. Again, it is urged that there is no special finding of the truth of the allegations of the petition, as a predicate of such an order.
*546 The action came under the provisions of the code, and was in a court of general jurisdiction. It will therefore be presumed that such proof was made as will support the judgment, the allegations of the petition being sufficient to warrant the judgment.
The judgment of the district court dismissing the petition in error is reversed, the judgment of the common pleas sustaining the demurrer of February 20, 1871, overruled, said demurrer is overruled, and cause remanded to the common pleas for further proceedings on said answers and cross-petitions.